**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided July 28, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1111

| | |
|---|---|
| BRIDGETTE V. WEAVER, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> BORGWARNER TRANSMISSION <br> SYSTEMS, INC., <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 C 2538 <br><br> Elaine E. Bucklo, <br> *Judge*. |

**O R D E R**

Bridgette Weaver filed suit in 2007 against her former employer, BorgWarner Transmission Systems, alleging that it had discriminated against her on the basis of race, sex, disability, and age, and violated her rights under the Family Medical Leave Act. The district court granted Weaver leave to proceed in forma pauperis. Two years later

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

BorgWarner moved for summary judgment, asserting that Weaver had falsely alleged poverty on her application to proceed in forma pauperis. (BorgWarner cited Weaver's 2006 tax return, which stated that her income that year was nearly $200,000, and IRS forms showing that she won almost $94,000 from gambling in the 12 months before her application.) Because Weaver did not comply with Local Rule 56.1(b)(3) in her response, the district court deemed BorgWarner's statements of fact admitted. *See* N.D. ILL. R. 56.1(b)(3)(C). The court concluded that Weaver's representations on her application were "undeniably false." The court therefore granted summary judgment for BorgWarner and—in light of Weaver's misrepresentations—dismissed her suit with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A).

Proceeding pro se, Weaver appeals, but in doing so pays almost no heed to the requirements of Federal Rule of Appellate Procedure 28(a). Her opening brief is two pages long and lacks—among many other necessities—an argument section. *See* FED. R. APP. P. 28(a)(9). In fact, it offers no argument at all about the district court's decision, and no citations to legal authority or portions of the record that might aid her appeal. *See id.* Her reply brief attempts to fix some of the deficiencies in her opening brief, but it, too, contains no argument section; instead, Weaver only offers hints of possible contentions, scattered across her statement of the case and statement of facts. These potential arguments are undeveloped, unsupported, and in any event come too late. *See Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009).

Although we must construe Weaver's pro se pleadings liberally, she is not free to ignore procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Failure to comply with Rule 28 warrants dismissal of an appeal. *See Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001). It does not fall to us, in the wake of Weaver's noncompliance, to craft arguments and perform legal research for her. *See id.* Furthermore, Weaver's only factual assertion in her reply about her application to proceed in forma pauperis misses the point. She insists that at the time of her application, she had no money. Yet the application required her to list funds received "in the past twelve months," and she listed nothing but public assistance despite having received substantial other income during that period.

With Weaver providing no cogent argument for disturbing the district court's decision, we DISMISS the appeal.